E-FILED
Thursday, 05 November, 2026 02:32:15 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **CHAD HAMMOND,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-3030** |
| | ) | |
| **KAR NUT PRODUCT COMPANY, LLC,** | ) | |
| **Defendant.** | ) | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed by Plaintiff Chad Hammond, a resident of Shelbyville, Illinois.

**I. Screening Standard**

Plaintiff's Complaint (Doc. 1) is before the Court for merit review under 28 U.S.C. § 1915A, which requires the Court to "screen" the pleading and identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The Court accepts Plaintiff's factual allegations as true and construes them liberally in his favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Factual Allegations

In September or October 2024, Plaintiff purchased a bag of Kar's salted peanuts manufactured and sold by Defendant Kar Nut Products Company, LLC. *See* Michigan Business Registry, https://mibusinessregistry.lara.state.mi.us/search/business (last visited November 4, 2026) (showing a registered office address in Michigan). As Plaintiff was consuming the purchased peanuts, he bit down on a hard object that caused his front tooth to break. Plaintiff discovered that he had attempted to bite down on a stone he estimated was the size of a pencil eraser. As a result, Plaintiff sustained cuts to his lips and cheek caused by the remaining sharp portion of his tooth. Plaintiff states that his subsequent appearance caused him emotional distress.

## III. Analysis

Plaintiff's suit is based only on alleged state law violations under the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") (815 ILCS 505 *et seq*.); the Illinois Food, Drug, and Cosmetic Act ("FDCA") (410 ILCS 620 *et seq*.); and Strict Product Liability and Negligence under Illinois common law.

However, before the Court can determine whether Plaintiff has pleaded plausible claims for relief, the Court must first determine whether it has subject matter jurisdiction, which Plaintiff does not address in his filing. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) ("All too often both litigants and judges disregard their first duty in every suit: to determine the existence of subject-matter jurisdiction.").

"Jurisdiction is established when the complaint narrates a claim that arises under federal law (28 U.S.C. §1331) or that satisfies the requirements of the diversity jurisdiction

(28 U.S.C. §1332)." *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). As specifically noted in *Arbaugh*:

> Section 1331 provides for "federal-question" jurisdiction, § 1332 for "diversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse Citizenship that exceeds the required jurisdictional amount, currently $ 75,000.

*Id*. at 513 (internal citations omitted).

"Congress has broadly authorized the federal courts to exercise subject-matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Arbaugh*, 546 U.S. at 505 (quoting 28 U.S.C. § 1331). However, as noted, *supra*, Plaintiff's pleading neither alleges constitutional violations nor does the Court's review reveal possible federal claims.

For federal courts to have jurisdiction under diversity, the parties must be citizens of different states and the amount in controversy must exceed $75,000. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). Citizenship for an individual is synonymous with the person's domicile; for a corporation, it is that of the state in which it is incorporated and the state where it has its principal place of business; for an LLC, it is that of any state where its members reside. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009).

Plaintiff names one Defendant, Kar Nur Product, a limited liability company, but does not name the state where its members reside to determine whether this Court has diversity jurisdiction over Plaintiff's state law claims. *See Peters v. AstraZeneca*, 224 F.App'x 503, 504-05 (7th Cir. 2007) (finding diversity jurisdiction on the plaintiff's negligence and strict liability claims, noting that the status of the parties at filing is key to determining diversity jurisdiction).

Thus, at this stage, the Court dismisses Plaintiff's pleading but grants him thirty days to file a Motion for Leave to File an Amended Complaint with the requisite information to determine whether the Court has diversity jurisdiction over Plaintiff's state law claims. The Court does not accept piecemeal amendments. Plaintiff's amended pleading must stand independently without reference to his initial filing and contain all claims against all defendants.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint (Doc. 1) is DISMISSED.**

2) **The Court GRANTS Plaintiff leave to file an amended complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not file an amendment on or before the deadline established or fails to comply with the provided instructions, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED November 5, 2026.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE